UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re:<br><br>G.M. BERGERON, INC.<br><br>Debtor | Chapter 11<br>Case No. 09-41541-JBR |

### MOTION OF G.M. BERGERON, INC. TO APPROVE STIPULATION AND ORDER WITH WEBSTER FIRST FEDERAL CREDIT UNION

Pursuant to Federal Rule of Bankruptcy Procedure 9019, G.M. Bergeron, Inc. (the "Debtor") files this Motion to Approve Stipulation And Order with Webster First Federal Credit Union (the "Credit Union") the terms of which (1) liquidate and classify the Credit Union's contingent, unsecured claim in the Debtor's Chapter 11 Plan to be filed with the Court and (2) provide the Debtor's assent to the entry of an order granting the Credit Union relief from the automatic stay to foreclose its first mortgage on property owned by CEENG, LLC located in Holden, Massachusetts. In support of this Motion, the Debtor states:

Factual Background:

1. On April 24, 2009 (the "Filing Date") the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, United States Bankruptcy Court, District of Massachusetts.

2. On September 13, 2007 the Debtor and several co-obligors executed and delivered a Promissory Note in the original principal amount of Two Million Five Hundred Thousand and 00/100 ($2,500,000.00) Dollars payable to the Credit Union (the "Note").

3. The Note is secured by a first mortgage on property owned by CEENG, LLC located in Holden, MA, a residential subdivision known as the "Deer Run" project dated September 13, 2007 and recorded with the Worcester District Registry of Deeds in Book 41796, Page 205 (the "Mortgage").

4. The Note is also secured by and cross-collateralized with other real estate owned by non-debtor entities.

5. On July 9, 2009 the Credit Union filed a Motion For Relief From The Automatic Stay to foreclose its first Mortgage on the Premises (the "Lift Stay Motion") (Doc. No. 34). Attached as an Exhibit to the Lift Stay Motion is an appraisal conducted by Howard S. Dono & Associates, Inc. dated June 2, 2009 that values the real estate known as the Deer Run Project at $2,320,000.00 as of May 27, 2009, and at $2,500,000.00, after a "prospective completion date" of August 27, 2009.

6. On July 21, 2009 the Court entered an order denying the Lift Stay Motion without prejudice (Doc. No. 43).

7. The Credit Union holds a contingent, unliquidated unsecured claim on account of and arising from the Debtor's obligations under the Note.

The Proposed Settlement:

8. The Debtor and the Credit Union have agreed to resolve the Credit Union's contingent, unliquidated unsecured claim, in accordance with the attached Stipulation And Order, the terms of which:

    A. grant the Credit Union relief from the automatic stay to exercise its right to foreclose its Mortgage on the Deer Run Project.

    B. provide that the Credit Union's contingent, unliquidated, unsecured claim shall be an allowed unsecured claim in the amount of $1.00.

9. The Court's approval of the attached Stipulation And Order will liquidate the Credit Union's unliquidated contingent claim, reduce the pool of unsecured claims and provide a meaningful dividend to unsecured creditors.

Request to Approve Stipulation:

10. Federal Rule of Bankruptcy Procedure 9019(a) provides that "On motion by a trustee and after notice and a hearing, the court may approve a compromise or settlement." In the context of Rule 9019(a), the Bankruptcy Court is to make "an informed and independent judgment as to whether the proposed compromise is fair and reasonable. The trustee will bear the burden to demonstrate that the compromise is fair and reasonable and is in the best interest of the Estate." Protective Committee v. Anderson, 390 U.S. 414, 88 S.Ct. 1157 (1968).

11. The trustee must demonstrate that the proposed compromise falls within the range of reasonableness. However, in the exercise of its discretion, the Court is not to substitute its judgment for that of the trustee, but should defer to the trustee's judgment. Jeffrey v. Desmond, 70 F.3d 183 (1st Cir. 1995); and In re 110 Beaver Street Partnership, 244 B.R. 185, 187 (Bankr. D. Mass. 2000).

12. In fulfilling its obligation to review and approve the compromise, the Court must satisfy itself that the proposed compromise falls "above the lowest possible point in the range of reasonableness." W.T. Grant & Co., 699 F.2d 599 (2nd Cir. 1983); In re 110 Beaver Street Partnership, supra, at 1887.

13. In reviewing proposed settlements, bankruptcy courts should assess and balance the claims being compromised against the value of the settlement proposal to the total debtor's bankruptcy estate. In Re Healthco International, Inc., 136 F.3d 45 (1st Cir. 1998); Jeffrey v.

Desmond, 70 F.3d 183, 185 (1st Cir. 1995). Among the factors a Court may consider in assessing a proposed settlement are the following:

    A.    the probability of success, taking into account the legal obstacles and time and expense of litigation measured against the immediate benefit of the proposed settlement;

    B.    a "reasonable accommodation" of the creditors' position on the proposed settlement; and

    C.    the experience and competence of the fiduciary proposing the settlement. In Re Healthco International, 136 F.3d at 50.

14.    The Debtor has determined that approval of the Stipulation with the Credit Union is in the best interest of the Debtor's bankruptcy estate. The Stipulation resolves all claims of the Credit Union, significantly reduces the pool of unsecured claims, and provides for the prospect of a dividend to holders of allowed unsecured claims.

<u>Request to Limit Service And Notice of Any Hearing Thereon:</u>

15.    Pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(3), a proposed settlement agreement is required to be served on all creditors, unless otherwise ordered by the Court. The Debtor respectfully requests the entry of an order that permits service of the Motion and notice of any hearing thereon be limited to the following parties that are identified on the Debtor's Master Service List, including: (1) the United States Trustee (by ECF notice), (2) counsel to the Credit Union (by ECF notice), (3) the taxing authorities (by facsimile), (4) the largest twenty unsecured creditors (by facsimile to eighteen creditors -- two by mail), and (5) counsel to any parties that have filed a notice of appearance in the case (by ECF notice).

WHEREFORE, the Debtor respectfully requests the entry of an Order (1) approving the Stipulation with the Credit Union, (2) limiting service and notice to the regular Service List and (3) for such other and further relief as the Court deems just and proper.

{Client Files\ban\302827\0012\PLD\01469096.DOC;2}

Respectfully submitted,

G.M. BERGERON, INC.

By Its Attorneys,

/s/ George W. Tetler III
George W. Tetler III (BBO #495140)
Mark W. Powers (BBO #555337)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA  01615-0156
Tel: (508) 791-3511
Fax: (508) 756-7636
gtetler@bowditch.com
mpowers@bowditch.com

DATED:  August 13, 2009

{Client Files\ban\302827\0012\PLD\01469096.DOC;2}

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| G.M. BERGERON, INC. ) | Case No. 09-41541-JBR |
| ) | |
| Debtor ) | |

## CERTIFICATE OF SERVICE

    I, Mark W. Powers, hereby certify that on this 13th day of August, I served a copy of the foregoing Motion Of G.M. Bergeron, Inc. To Approve Stipulation And Order With Webster First Federal Credit Union and the companion document entitled "Stipulation And Order" on those parties identified on the attached Service List electronically by the Court's ECF System where indicated, by facsimile or otherwise by first class mail.

                                                        /s/ Mark W. Powers
                                                        Mark W. Powers

## SERVICE LIST
## G.M. Bergeron, Inc., Debtor
## Chapter 11, Case No. 09-41541-JBR

G.M. Bergeron, Inc.
770 West Boylston Street
Worcester, MA 01606
**Debtor**
(via first class mail)

Richard King
Office of U.S. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
**Trustee**
Fax: 508-793-0558
(via ECF)

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114
Attn: John Robblee
**Taxing Authority**
Fax: 617-316-2605
(via facsimile)

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114-9564
**Taxing Authority**
Fax: 617-626-3796
(via facsimile)

Acadia Insurance Co.
P.O. Box 10129
Albany, NY 12201
**Top 20 Creditor**
Fax: 207-772-6104
(via facsimile)

All in 1 Insulation
350 Worcester Street
West Boylston, MA 01583
(via first class mail)

Cabinet Creations Inc.
79 Reservoir Street
Holden, MA 01520
**Top 20 Creditor**
(via first class mail)

Commonwealth of Massachusetts
Division of Unemployment Assistance
Bankr. Unit, 5th Floor
Attn: Chief Counsel
19 Stanford Street
Boston, MA 02114-2502
(via first class mail)

Concord Lumber Corp.
P.O. Box 1526
Littleton, MA 01460-4126
**Top 20 Creditor**
Fax: 978-958-2408
(via facsimile)

Colson Services Corp.
101 Barclay Street
8th Floor
New York, NY 10286
**Top 20 Creditor**
Fax: 212-313-0177
(via facsimile)

{Client Files\ban\302827\0012\PLD\01469096.DOC;2}

**SERVICE LIST**
**G.M. Bergeron, Inc., Debtor**
**Chapter 11, Case No. 09-41541-JBR**

F.W. Webb Company
160 Middlesex Turnpike
Bedford, MA 01730
**Top 20 Creditor**
Fax: 781-275-3354
(via facsimile)

Fallon Community Health Plan
P.O. Box 55472
Boston, MA 02205-5472
**Top 20 Creditor**
Fax: 508-368-9469
(via facsimile)

Harvey Industries
1400 Main Street
Waltham, MA 02451
**Top 20 Creditor**
Fax: 781-398-7715
(via facsimile)

Holden Municipal Light Dept.
One Holden Street
Holden, MA 01520
**Top 20 Creditor**
Fax: 508-829-0275
(via facsimile)

Jack Farrelly Co.
97 Old Poquonock Road
Bloomfield, CT 06002
**Top 20 Creditor**
Fax: 860-286-0867
(via facsimile)

Koopman Lumber Co.
665 Church Street
Whitinsville, MA 01588
**Top 20 Creditor**
Fax: 508-377-5199
(via facsimile)

P.J. Keating Company
P.O. Box 367
Fitchburg, MA 01420
**Top 20 Creditor**
Fax: 978-582-9940
(via facsimile)

Peterson Oil Service, Inc.
75 Crescent Street
Worcester, MA 01605
**Top 20 Creditor**
Fax: 508-368-1020
(via facsimile)

Premium Fuels Corp.
307 Hartford Turnpike
Shrewsbury, MA 01545
**Top 20 Creditor**
Fax: 508-753-0479
(via facsimile)

Raynor Overhead Door
46 Milton Street
Worcester, MA 01605
**Top 20 Creditor**
Fax: 815-288-7142
(via facsimile)

## SERVICE LIST
### G.M. Bergeron, Inc., Debtor
### Chapter 11, Case No. 09-41541-JBR

Rocco Trotto
855 Main Street
Shrewsbury, MA 01545
**Top 20 Creditor**
(via first class mail)

Service Plus Disposal, Inc.
P.O. Box 1032
Worcester, MA 01613
**Top 20 Creditor**
Fax: 508-887-9511
(via facsimile)

Shrewsbury Lumber
P.O. Box 75
Shrewsbury, MA 01545
**Top 20 Creditor**
Fax: 508-845-8178
(via facsimile)

Sterling Concrete
194 Worcester Road
P.O. Box 1398
Sterling, MA 01564
**Top 20 Creditor**
Fax: 714-779-3965
(via facsimile)

Wachusett Precast, Inc.
72 Pratts Junction Road
P.O. Box 901
Sterling, MA 01564
**Top 20 Creditor**
Fax: 978-422-8818
(via facsimile)

Webster First Federal Credit Union
One North Main Street
Webster, MA 01570
**Top 20 Creditor**
Fax: 774-823-1585
(via facsimile)

Thomas K. McCraw, Jr., Esq.
LeClair Ryan, A Professional Corporation
One International Place, 11th Floor
Boston, MA 02110
**Counsel to Caterpillar Financial Services Corporation**
Fax: 617-502-8201
(via ECF)

GE Money Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605
Attn: Ramesh Singh
**Authorized Agent for GE Money Bank**
Fax: 305-374-8113
(via ECF)

Alan M. Cohen, Esq.
Law Offices of Alan M. Cohen LLC
550 Worcester Road
Framingham, MA 01702
**Counsel to Concord Lumber Corporation**
Fax: 508-620-9696
(via ECF)

Alan M. Cohen, Esq.
Law Offices of Alan M. Cohen LLC
550 Worcester Road
Framingham, MA 01702
**Counsel to The Granite Group Wholesalers, LLC**
Fax: 508-620-9696
(via ECF)

**SERVICE LIST**
**G.M. Bergeron, Inc., Debtor**
**Chapter 11, Case No. 09-41541-JBR**

Alan M. Cohen, Esq.
Law Offices of Alan M. Cohen LLC
550 Worcester Road
Framingham, MA 01702
**Counsel to The Jack Farrelly Company**
Fax: 508-620-9696
(via ECF)

Sunnyside Motor Co., Inc.
944 Main St.
P.O. Box 74
Holden, MA 01520
Attn: Daniel J. Harrington III
(via first class mail)

Michael Lushan, Esq.
Lushan, McCarthy & Goonan
496 Harvard Street
Brookline, MA 02446
**Counsel to GMAC**
Fax: 617-734-5375
(via ECF)

Kevin M. David, Esq.
271 Greenwood Street
P.O. Box 70505
Worcester, MA 01607
**Counsel to Webster First Federal Credit Union**
Fax: 508-943-2145
(via ECF)

Christopher R. Donato, Esq.
Assistant United States Attorney
John Joseph Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
**Counsel to U.S. Small Business Administration**
Fax: 617-748-3953
(via ECF)

Peter F. Carr, II, Esq.
John G. Loughnane, Esq.
Eckert Seamans Cherin & Mellott, LLC
Two International Place, 16th Floor
Boston, MA 02110-2602
**Counsel to Shrewsbury Lumber, LLC**
Fax: 617-342-6899
(via ECF)

Richard R. Hubbard, Esq.
P.O. Box 567
Uxbridge, MA 01569
**Counsel to Koopman Lumber Co., Inc.**
Fax: 508-278-4300
(via ECF)